UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-6076-DMG (Ex) | Date | September 1, 2023 |
| Title | *Falguni Megha v. Los Angeles County Recorders Office, et al.* | Page | 1 of 7 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:**   IN CHAMBERS—ORDER RE MOTIONS TO DISMISS, REQUEST FOR ENTRY OF DEFAULT, AND *EX PARTE* APPLICATIONS [11] [13] [14] [15] [31] [45] [54] [55] [73] [74] [78]

On August 26, 2022, Plaintiff Falguni Megha filed a Complaint in this Court against Defendants Los Angeles County Recorder's Office (the "County"), First American Title Company ("First American"), Canopy Land LLC ("Canopy Land"), Shau Ching Chang, Charles Chen, Chen Shan Horn, Coldwell Banker Dynasty, CBD Investment, Inc., Kelvin K. Chang, Jessica Chen, Karla Pozo Perez, Zillow, Inc., and Zillow Group, Inc. [Doc. # 1.] Pending before the Court are five motions to dismiss. [*See* Doc. ## 11, 13, 14, 15, 31.] Plaintiff, who is proceeding *pro se*,[1] filed an omnibus opposition to all five motions. [Doc. # 39.][2]

On April 25, 2023, Plaintiff also filed an *ex parte* application for a permanent injunction ("EPA"). [Doc. # 54.] Defendant the County of Los Angeles filed an opposition, in which various other Defendants joined. [Doc. ## 53, 71, 72.] Plaintiff also requested entry of default against Karla Pozo Perez. [Doc. # 55.] On May 9, 2023, Plaintiff filed a request to compel First American to arbitrate her claims, an application for a writ of possession, and exhibits in support thereof. [Doc. ## 73, 74, 75.] On May 15, 2023, the County filed a second motion to dismiss, seeking to quash Plaintiff's attempt to serve her Complaint on the County for a second time. [Doc. # 78.]

The Court has carefully considered the parties' written submissions and now renders its decision.

---

[1] Brenda E. Vargas entered an appearance on Plaintiff's behalf on May 19, 2023 [Doc. # 80], but Ms. Vargas has not yet filed anything in this matter.

[2] Although Plaintiff's Opposition was untimely, there was no prejudice to Defendants from the late filing. The Court will therefore consider the Opposition.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-6076-DMG (Ex) | Date | September 1, 2023 |
|---|---|---|---|
| Title | *Falguni Megha v. Los Angeles County Recorders Office, et al.* | Page | 2 of 7 |

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

### A.  Plaintiff's Allegations

Plaintiff seeks relief relating to a piece of real property located at 501 Looking Glass Drive in Diamond Bar, California (the "Property").  Compl. ¶ 1.  She previously possessed full equitable and legal title to the Property.  *Id*. at ¶ 10.  But Defendants unlawfully obtained Plaintiff's personal information, including access to her email.  *Id*. at ¶ 36.  Using that information, Defendants attached a lien on the property based on loans from 2006.  *Id*. at ¶ 10.  The legal description of the property was altered, and Plaintiff's name was forged, to create the illusion of a sale of the property on November 3, 2021 to Jessica Chen and Canopy Lands, LLC.  *Id*. at ¶¶ 10, 32.

Plaintiff further alleges that the County possessed legal documents reflecting Plaintiff's ownership interest in the property, but altered or removed those documents.  FAC ¶ 23.  The County then allowed Canopy Lands to record a false Notice of Default and Transfer of Title.  *Id*. at ¶¶ 23, 28.  Plaintiff alleges that Pozo Perez, a notary, committed notary fraud, though it is unclear how.  FAC ¶ 11.  When Plaintiff noted the County's falsification of records, they told her to file a claim.  *Id*.  She did so, but it was denied.  *See* FAC ¶ 12; *see also id.*, Exs. B, C.  Plaintiff later discovered that Coldwell and CBD Investments were behind Canopy Lands' actions, but Coldwell and CBD Investments denied knowledge of Canopy Lands.  *Id*. at ¶ 24.

After Canopy Lands bought the property, Plaintiff was evicted.  FAC ¶ 33.

### B.  Request for Judicial Notice

Certain Defendants ask the Court to take judicial notice of public documents submitted in support of their motions, including documents recorded with the County and records from other courts.  *See* First American Request for Judicial Notice ("RJN") [Doc. # 11-2]; Canopy RJN [Doc. # 14-2].  Federal Rule of Evidence 201 permits a court to take judicial notice of facts "not subject to reasonable dispute" and that the court "can accurately and readily determine from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Government documents, court filings, and court orders are matters of public record and are proper subjects of judicial notice.  *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Friends of the Clearwater v. Higgins*, 523 F. Supp. 3d 1213, 1222 (D. Idaho 2021) (courts "may take judicial notice of government documents to prove their existence and contents . . . .").  Accordingly, the Court **GRANTS** the RJNs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-6076-DMG (Ex) | Date | September 1, 2023 |
|---|---|---|---|
| Title | *Falguni Megha v. Los Angeles County Recorders Office, et al.* | Page | 3 of 7 |

     Those documents show that a deed was recorded on July 6, 2001, granting ownership of the Property to Plaintiff. First American RJN Ex. 1. She subsequently transferred the property to "Falguni Megha, Trustee of the Megha Family Revocable Trust." *Id*., Ex. 2. On May 9, 2006, a deed of trust was recorded, pursuant to which Plaintiff granted First American "all of [her] right, title, and interest in and to" the Property, to be held in trust for the benefit of Discover Bank, as security against a revolving line of credit (the "Citizens Deed of Trust"). *See* Canopy RJN Ex. 1 at 7.[3] On July 8, 2013, a grant deed was recorded transferring the Property from Falguni Megha, Trustee of the Megha Family Revocable Trust, to Koya Singh Revocable Family Trust. First American RJN Ex. 4. On October 23, 2013, Discover Bank recorded an assignment of its mortgage on the Property to RBS Citizens, N.A.[4] *Id*., Ex. 4.

     On November 30, 2015, Citizens filed a verified complaint in Los Angeles County Superior Court for declaratory relief, for an equitable lien, and to quiet title. Canopy RJN Ex. 2. Citizens alleged that on June 18, 2014, Plaintiff had improperly caused to be recorded a deed of trust in favor of CalHFA Mortgage Assistance Corporation, in violation of Citizens' rights. *See* Canopy RJN Ex. 2 at ¶¶ 9-15. On February 7, 2018, the Superior Court entered judgment in favor of Citizens and against Plaintiff in that action. *See* Canopy RJN Ex. 3. The Reconveyance to CalHFA was canceled, and the Citizens Deed of Trust reinstated. *Id*. at 29. Although Plaintiff appealed that judgment, she dismissed the appeal. *See* Canopy RJN Exs. 10, 11.[5]

     On October 10, 2019, she filed another action against Citizens, which was removed to this Court. *See Falguni MeghaSingh v. Capital One NA, et al.*, Case No. CV 19-9982-MWF (JPRx) ("*MeghaSingh*"). In an Order dated March 6, 2020, this Court found that her claims for identity theft, quiet title, and slander of title against Citizens were barred by *res judicata*, and dismissed them without leave to amend. *See MeghaSingh*, Case No. CV 19-9982-MWF (JPRx) [Doc. # 29]. The Court dismissed, with leave to amend, Plaintiff's claims against Capital One N.A. and her claim for violation of the One-Action Rule against Citizens. *Id*. at 15. Plaintiff appealed that order, but the appeal was dismissed for lack of jurisdiction. *See MeghaSingh*, Case No. CV 19-9982-MWF (JPRx) [Doc. # 43]. The Court ultimately dismissed the action with prejudice after Plaintiff failed to file an amended complaint. *See MeghaSingh*, Case No. CV 19-9982-MWF (JPRx) [Doc. # 44]. Plaintiff did not appeal that order.

---

     [3] Page citations herein refer to the page numbers inserted by the CM/ECF system.

     [4] For brevity, the Court refers to RBS Citizens, N.A. and its successors as "Citizens" throughout this Order.

     [5] Plaintiff also filed multiple actions in Superior Court for cancellation and expungement of the Citizens Deed of Trust and other recorded documents relating thereto. RJN Exs. 13, 21. The record is not clear regarding the results of those actions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-6076-DMG (Ex) | Date | September 1, 2023 |
|---|---|---|---|
| Title | *Falguni Megha v. Los Angeles County Recorders Office, et al.* | Page | 4 of 7 |

On March 19, 2019, a Notice of Default and Election to Sell Under Deed of Trust was recorded against the Property pursuant to the Citizens Deed of Trust. Canopy RJN Ex. 4. On February 8, 2021, a Notice of Trustee's Sale was recorded against the Property, notifying Plaintiff of a sale to occur on March 25, 2021. Canopy RJN Ex. 5. On November 19, 2021, a Trustee's Deed Upon Sale was recorded, conveying the Property to Canopy Land. Canopy RJN Ex. 6. On February 7, 2022, the Clerk of the Los Angeles County Superior Court entered a default judgment of unlawful detainer against Plaintiff. Canopy RJN Ex. 8.

On April 6, 2022, Plaintiff, proceeding *pro se*, filed an action in this Court for replevin of the Property. *See Falguni Megha v. Shau Ching Chang, et al.*, Case No. CV 22-2319-MWF (JPRx) ("*Shau Ching Chang*"). After the Court denied, on procedural grounds, Plaintiff's application for a writ of attachment, Plaintiff dismissed the action.

Plaintiff filed this action on August 26, 2022. She asserts claims for (1) conversion, (2) violation of California Government Code section 6200, a criminal statute that prohibits stealing, destroying, or falsifying public records, (3) fraud under 18 U.S.C. § 1344 or 18 U.S.C. § 472, (4) negligence, and (5) identity theft under 18 U.S.C. § 1028. [*See* Doc. # 1.]

## II.
## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. A court may grant such a dismissal only where the plaintiff fails to present a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts must accept all factual allegations as true on a Rule 12(b)(6) motion, legal conclusions are not entitled to the assumption of truth. *Id.* Courts may also consider "materials incorporated into the complaint or matters of public record." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

Because Plaintiff is a *pro se* litigant, the Court liberally construes the complaint and "afford[s] [her] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-6076-DMG (Ex) | Date | September 1, 2023 |
|---|---|---|---|
| Title | *Falguni Megha v. Los Angeles County Recorders Office, et al.* | Page | 5 of 7 |

## III. DISCUSSION

**A.     No Private Right of Action under Federal Claims**

The threshold issue in this action is whether Plaintiff has stated viable federal claims such that this Court has subject matter jurisdiction. "Federal courts are courts of limited jurisdiction and, as such, cannot exercise jurisdiction without constitutional and statutory authorization." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018). Plaintiff's Complaint asserts several federal claims, which could theoretically serve as the basis for this Court's subject matter jurisdiction.[6] *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The Court has supplemental jurisdiction over Plaintiff's state law claims. *See id*. at § 1367(a). The Court addresses the federal claims first.

The County moves to dismiss Plaintiff's federal claims on the basis that there is no private right of action for claims based on violations of criminal statutes. *See* County MTD at 6 [Doc. # 15]. Plaintiff claims Defendants have violated the following statutes: (1) 18 U.S.C. section 472, which prohibits passing counterfeit obligations or securities of the United States, (2) 18 U.S.C. section 1344, which prohibits schemes to defraud financial institutions or to obtain the assets of a financial institution by fraud, and (3) 18 U.S.C. section 1028, which prohibits certain forms of identity theft.

"[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979). The statutes cited by Plaintiff are all criminal statutes, and Plaintiff lacks standing, as a matter of law, to bring these claims. *See Briggs v. J.P. Morgan Mortg. Acquisition Corp.*, No. CV 10-7998-PSG (FFMx), 2011 WL 13217552, at *4 (C.D. Cal. Feb. 16, 2011) (no private right of action under 18 U.S..C section 472); *Manalisay v. Hall*, No. 22-CV-04701-VC, 2023 WL 2745205, at *1 (N.D. Cal. Mar. 20, 2023) (no private right of action under 18 U.S.C. section 1344); *Szanto v. Persolve, LLC*, No. SA CV 15-0241-AG (DFMx), 2015 WL 8297001, at *3 (C.D. Cal. Dec. 2, 2015) ("Courts have repeatedly held that there is no

---

[6] There does not appear to be diversity jurisdiction in this case. District courts have diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000" and "is between[] citizens of different states." 28 U.S.C. § 1332(a)(1). For diversity jurisdiction to exist, all plaintiffs must be citizens of different states than all defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Plaintiff does not allege the citizenship of any Defendants, so no basis for diversity jurisdiction appears on the face of Plaintiff's Complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-6076-DMG (Ex) | Date | September 1, 2023 |
| Title | *Falguni Megha v. Los Angeles County Recorders Office, et al.* | Page | 6 of 7 |

private right of action under [18 U.S.C. section] 1028."). Plaintiff has therefore failed to state a claim. Accordingly, the Court **GRANTS** the County's MTD as to Plaintiff's federal claims, and **DISMISSES** those claims.

Because the Court has dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. *See* 28 U.S.C. § 1367(c)(3) (a district court "may decline to exercise supplemental jurisdiction over a claim" over which it has only supplemental jurisdiction "if . . . the district court has dismissed all claims over which it has original jurisdiction"). Thus, Plaintiff's state law claims are also **DISMISSED** without prejudice.

**B.      Leave to Amend**

The remaining question is whether the Court should grant leave to amend. If a court dismisses certain claims, "[l]eave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (citations omitted). In this case, the pleading could not possibly be cured by the allegation of other facts, because as discussed, there is no private right of action for Plaintiff's federal claims as a matter of law. Amendment would therefore be futile as to those claims.[7]

---

[7] Plaintiff's claims against certain Defendants may also be barred by the *Rooker-Feldman* doctrine or by *res judicata*. "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court" because the federal action is a *de facto* appeal of the state court ruling at issue. *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). The doctrine of *res judicata* provides that "a "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies . . .." *Montana v. United States*, 440 U.S. 147, 153 (1979); *see also* Order Granting Motion to Dismiss, *Meghasingh v. Capital One, N.A., et al.*, Case No. CV 19-9982-MWF (JPRx) (Mar. 6, 2020) [Doc. # 29] (finding Plaintiff's quiet title and slander of title claims against Citizens barred by *res judicata*, and Plaintiff's identity theft claim barred insofar as she asserted that the Citizens Deed of Trust was procured by identity theft). Plaintiff seeks the return of the Property to her possession. *See* EPA at 4. Her claims therefore appear to be a collateral attack on the Superior Court's 2018 and 2021 judgments, as well as an attempt to relitigate *MeghaSingh*. Still, because the Court declines to exercise supplemental jurisdiction over these claims, it need not resolve this question.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-6076-DMG (Ex) | Date | September 1, 2023 |
| Title | *Falguni Megha v. Los Angeles County Recorders Office, et al.* | Page | 7 of 7 |

## IV.
## CONCLUSION

For the foregoing reasons, the County's MTD is **GRANTED** as to Plaintiff's federal claims under 18 U.S.C. § 1344, 18 U.S.C. § 472, and 18 U.S.C. § 1028. Because amendment would be futile, Plaintiff's federal claims are **DISMISSED with prejudice**. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and therefore those claims are **DISMISSED without prejudice and without leave to amend**.

The remaining motions to dismiss are **DENIED as moot**. Plaintiff's EPA, request for entry of default against Pozo Perez, request to compel arbitration of her claims against First American, and her application for a writ of possession are **DENIED as moot**. The County's second MTD is **DENIED as moot**.

**IT IS SO ORDERED.**